# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSAGE NATION<br>A federally recognized Indian Tribe<br>P.O. Box 779<br>Pawhuska, OK 74056<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>    and<br><br>DEB HAALAND, in her official capacity<br> as Secretary of Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff Osage Nation (the "Nation") seeks relief for Defendants' violations of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5301 *et seq.* ("ISDA"), by declining and rejecting a final offer by the Nation to amend its multi-year funding agreement with the Bureau of Indian Affairs ("BIA") to allow the Nation to assume responsibility and related funding for certain programs, functions, services and activities of the BIA's Osage Agency Office and its Eastern Oklahoma Regional Office.

## PARTIES

2.      The Nation is a federally recognized Indian tribe with approximately 25,682 members.  The Nation is headquartered in Pawhuska, Oklahoma, approximately 60 miles northwest of Tulsa.

3.      The United States Department of Interior ("Department") is an executive department within the U.S. government, with headquarters located at 1849 C Street, N.W., Washington, D.C.  The Department's constituent agencies and programs include the BIA, which compacts and contracts on behalf of the United States with Indian tribes and tribal organizations under ISDA to carry out various Indian programs.

4.      Deb Haaland is the Secretary of the Department and has overall responsibility for administering the Department as well as overseeing its constituent agencies and programs, including the BIA. Her office is located within the headquarters of the Department.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under ISDA, 25 U.S.C. § 5331(a), and under 28 U.S.C. § 1331.

6.      Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

## FACTS

7.      The Nation has a self-governance compact with BIA pursuant to 25 U.S.C. § 5364 and a funding agreement under 25 U.S.C. § 5363.

8.      The funding agreement specifies the services to be provided and the functions to be performed by the Nation under the agreement, and the responsibilities of the Nation and BIA under the agreement.  25 U.S.C. § 5363(m)(2).

9.      On or about October 23, 2023, the Nation made a final offer to BIA to amend the funding agreement to assume responsibility and related funding for all remaining programs,

functions, services and activities ("PFSAs") associated with the Osage Agency Office that have not been previously assumed by the Nation, and to assume the Nation's full, proportional share of all funding related to Realty, Minerals/Mining, Probate, Trust Services, and Executive Direction PFSAs associated with the Eastern Oklahoma Regional Office. (Exhibit A).

10. The total amount of funding sought by the final offer was $4,870,204, of which $4,385,136 was based on the closure of the Osage Agency Office and transfer to the Nation of its PFSAs, and $485,068 was based on the Nation's proportional share of the funding for the PFSAs at the Eastern Oklahoma Regional Office that would be transferred to the Nation.

11. Under ISDA, a federally recognized Indian tribe may include in a funding agreement "any" PFSA administered by BIA without regard to the agency or office within which the PFSA is performed, including funding for agency, area, and central office functions. 25 U.S.C. § 5363(b)(1).

12. If a tribe and BIA are unable to agree on the terms of a funding agreement, the tribe may submit a final offer to BIA which must be accepted or rejected within 60 days. 25 U.S.C. § 5366(c).

13. By a 38-page letter dated December 20, 2023, BIA purported to decline the Nation's final offer on the ground that it was not a "final offer" within the meaning of ISDA; alternatively, BIA rejected the offer on two statutory grounds: (1) the programs at issue are inherent federal functions in whole or in part, and (2) the requested amount of funding exceeded the amount the Secretary would have otherwise provided for the operation of these programs because the Nation had included certain unfunded and unfilled positions.

14. Inherent federal functions are functions which BIA may not legally delegate to an Indian tribe. 25 U.S.C. § 5361(6).

15. In order to reject a final offer, BIA must make a specific finding that clearly demonstrates, or that is supported by a controlling legal authority, that the cited statutory ground(s) for rejection is applicable. 25 U.S.C. § 5366(c)(6)(A).

16. On information and belief, BIA previously has transferred the same or similar PFSAs as those at issue here to other Indian tribes pursuant to ISDA.

### FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

17. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-16 above, as if fully set forth herein.

18. Defendants have the burden of clearly demonstrating the validity of the grounds for rejecting the Nation's final offer. 25 U.S.C. § 5366(d)(2).

19. Defendants cannot clearly demonstrate that BIA's grounds for "declining" or rejecting the Nation's final offer are valid.

20. The Nation is entitled to a judgment declaring that its final offer of October 23, 2023 is accepted and that BIA must transfer the responsibility and related funding for all the PFSAs at issue to the Nation.

### SECOND CLAIM FOR RELIEF—INJUNCTIVE RELIEF

21. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-20 above, as if fully set forth herein.

22. The Nation is entitled to injunctive relief compelling Defendants to accept its final offer of October 23, 2023 and to transfer the responsibility and related funding for all the PFSAs at issue to the Nation.

#238390432_v4

## PRAYER FOR RELIEF

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

  A. Declaring that the Nation's final offer to BIA of October 23, 2023 is accepted and that BIA must transfer the responsibility and related funding for all the PFSAs at issue to the Nation;

  B. Compelling the Defendants to accept the Nation's final offer of October 23, 2023 and to transfer the responsibility and related funding for all the PFSAs at issue to the Nation.

  C. Awarding the Nation its expenses, and fees, including reasonable attorneys' fees; and

  D. Granting the Nation such other relief as the Court deems just and proper.

Dated this 8th day of March, 2024.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  /s/ Steven D. Gordon
Steven D. Gordon (D.C. Bar No. 219287)
Philip Baker-Shenk (D.C. Bar No. 386662)
James Meggesto (D.C. Bar No. 459900)
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 955-3000
Fax: (202) 955-5564

*Attorneys for Plaintiff Osage Nation*